UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOUGLAS DESINDES                  :
  Plaintiff,                      :
                                  :
       v.                         :   Civil No. 3:14CV463(AVC)
                                  :
HORIZONS PROGRAMS, INC.           :
  Defendant.                      :

**<u>RULING ON THE DEFENDANT'S MOTION TO DISMISS</u>**

    This is an action for damages brought by the plaintiff, Douglas Desindes, against his former employer, Horizons Programs, Inc.  It arises out of the termination of Desindes's employment and is brought pursuant to the ADA Amendments Act of 2008,[1] the Connecticut Fair Employment Practices Act,[2] and common law tenets concerning intentional infliction of emotional distress and negligent infliction of emotional distress.

    Horizons Programs, Inc. has filed the within motion to dismiss, asserting that the counts alleging emotional distress fail to state claims upon which relief can be granted.  The issues presented are: 1) whether the defendant's conduct constituted extreme and outrageous conduct to support a claim for intentional infliction of emotional distress; and 2) whether the defendant engaged in unreasonable conduct during the

---

[1] 42 U.S.C. § 42101 et seq.

[2] Conn. Gen. Stat. § 46a-60(a).

termination process to support a claim for negligent infliction of emotional distress.

For the following reasons, the motion to dismiss counts five and six (document no. 8) is GRANTED.

**FACTS**

The complaint alleges the following:

The plaintiff, Douglas Desindes, worked for the defendant, Horizons Programs, Inc. ("Horizons"), as a support coach. Horizons required support coaches to have a valid Connecticut driver's license and an acceptable driving record. The written job description did not identify, however, the operation of vehicles as an essential function of the job.

Desindes is disabled and suffers from "chronic left hip problems including severe pain and severe arthritis." He "experiences recurring and episodic flare ups of the hip condition that renders the plaintiff substantially limited in major life activities such as but not limited to walking and standing." Over the past several years, Desindes has undergone five surgeries on his left hip.

In July 2012, Desindes "took a medical leave of absence to undergo hip surgery." On January 2, 2013, he returned to work "on medically-restricted light duty status," which limited his ability to operate vehicles. Upon returning to work, Desindes "notified his supervisor, Emily Brodka, that his driver's

license had expired," that "he lacked the necessary funds to pay to reinstate his driver's license," and that he received a citation for operating an unregistered vehicle while on medical leave.

On February 28, 2013, Desindes met with Brodka, who drafted an employee consultation report. The report noted the expired license and the traffic citation and provided that Desindes "will renew his license and increase his availability ASAP but by 4/1/13."

On March 11, 2013, the human resources department at Horizons reviewed Desindes's driving record. On March 25, 2013, Horizons terminated his employment because Desindes "had incurred a vehicle infraction and his license had expired."

## STANDARD

The court must grant a motion to dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure if a plaintiff fails to establish a claim upon which relief may be granted. A motion to dismiss "assess[es] the legal feasibility of the complaint, [but it does] not . . . assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When ruling on a motion to dismiss, the court must presume that the well-pleaded facts alleged in the complaint are true and draw all reasonable

3

inferences from those facts in favor of the plaintiff.  See Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).  The issue at this juncture is not whether the plaintiff will prevail but whether he should have the opportunity to prove his claim.  See Conley v. Gibson, 355 U.S. 41, 45 (1957).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Gibbons v. Malone, 703 F.3d 595, 599 (2d Cir. 2013).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555 (stating that a complaint must provide more than "a formulaic recitation of the elements of a cause of action"). In its review of a 12(b)(6) motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

**DISCUSSION**

**I. Count Five – Intentional Infliction of Emotional Distress**

Horizons argues that the complaint "fails to allege the requisite element of extreme and outrageous conduct . . . to maintain a claim of intentional infliction of emotional distress." Specifically, Horizons contends that the conduct outlined in the complaint does not rise to the level of extreme and outrageous conduct, as "the alleged interactions . . . come within the type of communications that are part in parcel in an employment context."

Desindes responds that Horizons's actions constituted extreme and outrageous conduct in that the company requested him to renew his license by a certain date but then terminated him prior to that date for having an expired license. He also maintains that Horizons knew that he "did not have funds to pay for the renewal of his license as he had been out of work on medical leave for a period of time."

To state a claim for intentional infliction of emotional distress, the complaint must allege:

> (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.

5

Appleton v. Bd. of Educ. of Stonington, 254 Conn. 205, 210 (2000) (quoting Petyan v. Ellis, 200 Conn. 243, 253 (1986)).

With respect to the second element, courts initially determine whether the conduct alleged is extreme and outrageous. Id.  "[T]he role of the court is to determine whether the allegations of a complaint . . . set forth behaviors that a reasonable fact finder could find to be extreme and outrageous." Gillians v. Vivanco-Small, 128 Conn. App. 207, 211 (2011) (quoting Gagnon v. Housatonic Valley Tourism Dist. Comm'n, 92 Conn. App. 835, 847 (2006)) (second alteration in original).

Extreme and outrageous conduct is defined as "conduct that exceeds 'all bounds usually tolerated by decent society . . . .'"  Appleton, 254 Conn. at 210 (quoting Petyan, 200 Conn. at 254 n.5).  The Connecticut supreme court has provided:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'  Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress.

Perez-Dickson v. City of Bridgeport, 304 Conn. 483, 527 (2012) (quoting Appleton v. Bd. of Educ. of Stonington, 254 Conn. 205, 210-11 (2000)).

In the employment context, courts have found that terminating employment alone does not constitute extreme and outrageous behavior. See Armstrong v. Stop & Shop Cos., Inc., No. 3:01CV1489JBA, 2003 WL 1343245, at *5 (D. Conn. Mar. 17, 2003) (recognizing that "the termination in and of itself cannot constitute extreme and outrageous behavior"); Venterina v. Cummings & Lockwood, 117 F. Supp.2d 114, 120 (D. Conn. 1999) (reasoning that the plaintiff alleged "no more than a wrongfully motivated termination" and that "the mere termination of employment, even where it is wrongful, is not by itself enough to sustain a claim"). Similarly, "wrongful motivation by itself does not meet the standard for intentional infliction of severe emotional distress; rather 'it is the act itself which must be outrageous.'" Perez-Dickson, 304 Conn. at 528 (quoting Aquavia v. Goggin, 208 F. Supp.2d 225, 237 (D. Conn. 2002)). Put differently, "[a]n employer's adverse yet routine employment action, even if improperly motivated, does not constitute extreme and outrageous behavior when the employer does not conduct that action in an egregious and oppressive manner." Sousa v. Rocque, No. 3:11-cv-1839-WWE, 2012 WL 4967246, at *7

(D. Conn. Oct. 17, 2012) (quoting Miner v. Town of Cheshire, 126 F. Supp.2d 184, 195 (D. Conn. 2000)).

Here, the court concludes that the allegations do not give rise to liability for intentional infliction of emotional distress. The motivation underlying the termination is irrelevant, and the termination alone, even considering that it may have contradicted the deadline in the employee consultation report, cannot constitute extreme and outrageous conduct. Moreover, nothing in the complaint suggests that Horizons conducted itself in an atrocious manner that exceeded all bounds of a decent, civilized society. The act of terminating Desindes prior to the deadline, even while knowing that he could not afford to renew his license, is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Appleton v. Bd. of Educ. of Stonington, 254 Conn. 205, 211 (2000). All things considered, the allegations amount to nothing more than a routine employment action and do not support a finding that Horizons acted egregiously or oppressively while terminating Desindes's employment. Because the allegations do not rise to the level of extreme and outrageous conduct, count five is dismissed.

**II.     Count Six – Negligent Infliction of Emotional Distress**

Horizons argues next that the complaint fails to allege facts sufficient to state a claim for negligent infliction of emotional distress, as it "is void of any allegations that the Defendant's conduct during the termination process was unreasonable and/or sufficiently wrongful that the Defendants should have known it would have caused emotional distress to the Plaintiff or any allegations that the emotional distress arose out of the termination process itself."

Desindes responds that the complaint "pleads a legally sufficient negligent infliction of emotional distress cause of action." Specifically, Desindes argues that the "defendant told the plaintiff that his current status was acceptable through April 1, 2013, then turned around and fired him on March 25, 2013." According to Desindes, this "was a deceitful act that left the plaintiff without employment . . . . [and] could be considered unreasonable."

To state a claim for negligent infliction of emotional distress, the complaint must allege facts demonstrating "that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it was caused, might result in illness or bodily harm." Perodeau v. City of Hartford, 259 Conn. 729, 748-49 (2002). In the employment context, an employer "may not be

9

found liable for negligent infliction of emotional distress arising out of conduct occurring within a continuing employment context, as distinguished from conduct occurring in the termination of employment." Perodeau v. City of Hartford, 259 Conn. 729, 762-63 (2002). In other words, a complaint alleges a cause of action for negligent infliction of emotional distress only if "it is 'based upon unreasonable conduct of the defendant in the termination process.'" Id. at 750 (quoting Parsons v. United Tech. Corp., Sikorsky Aircraft Div., 243 Conn. 66, 88 (1997)).

   The Connecticut supreme court has held that "[t]he mere termination of employment, even where it is wrongful, is . . . not, by itself, enough to sustain a claim for negligent infliction of emotional distress." Parsons, 243 Conn. at 88-89. It follows that "a finding of a wrongful termination is neither a necessary nor a sufficient predicate for a claim of negligent infliction of emotional distress." Perodeau, 259 Conn. at 751. Therefore, the issue is not whether the defendant wrongfully terminated the plaintiff, but rather "whether the defendant's conduct during the termination process was sufficiently wrongful that 'the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that [that] distress, if it were caused, might result in illness or bodily harm.'" Id. (quoting Parsons v. United Tech. Corp.,

10

Sikorsky Aircraft Div., 243 Conn. 66, 88 (1997)) (alteration in original).

In this case, the court concludes that the allegations do not give rise to liability for negligent infliction of emotional distress. The complaint is void of any allegations that Horizons engaged in unreasonable conduct during the termination process. It merely alleges that Horizons wrongfully terminated Desindes by letting him go prior to the April 1 deadline to renew his license. But, "a wrongful termination, without more, is insufficient to sustain a negligent infliction of emotional distress claim." Millspaugh v. Conn. Water Serv., Inc., No. 3:07CV871(CFD), 2008 WL 906842, at *4 (D. Conn. Mar. 31, 2008). The act of terminating Desindes's employment prior to the deadline is not "sufficiently wrongful" that Horizons should have realized that its conduct involved an unreasonable risk of causing emotional distress. Accordingly, the complaint fails to state a claim for negligent infliction of emotional distress and count six is dismissed.

**CONCLUSION**

Based upon the foregoing, the motion to dismiss count five and count six of the complaint (document no. 8) is GRANTED.

It is so ordered, this 3rd day of March 2015, at Hartford, Connecticut.

                                              /s/
                                        Alfred V. Covello,
                                        United States District Judge